**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4653

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARIUS ERIC WILDER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of Maryland, at Greenbelt.  George Jarrod Hazel, District Judge.  (8:17-cr-00528-GJH-1)

Submitted:  October 18, 2022                     Decided:  April 11, 2023

Before AGEE, RUSHING and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, Sapna Mirchandani, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After this Court vacated one of Darius Wilder's two convictions and remanded his case for resentencing, the district court imposed a 132-month term of incarceration. On appeal, Wilder argues that the district court abused its discretion in imposing the 132-month sentence. Wilder claims that the district court committed three procedural errors: (1) presuming that Wilder, who has a chronic kidney condition, would survive a 132-month sentence, (2) using the statutory maximum 240-month sentence, rather than the applicable Guidelines range of 60 to 63 months, as the starting point for deciding the sentence, and (3) inadequately explaining why a 132-month sentence was necessary to satisfy the 18 U.S.C. § 3553(a) sentencing factors. We reject these arguments and affirm for the reasons below.

A jury originally convicted Wilder of one count of arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(ii). Wilder faced a Guidelines range of 60 to 63 months (including a 60-month mandatory minimum term) for the § 844(i) conviction. Additionally, he faced a mandatory minimum 360-month sentence, to be served consecutively to any other term, for the § 924(c)(1)(B)(ii) conviction. Accordingly, the court sentenced Wilder to the statutorily required 420 months' imprisonment. Wilder appealed these convictions and his sentence. On appeal, this Court vacated Wilder's § 924(c)(1)(B)(ii) conviction, holding that federal arson is not a crime of violence under § 924(c)(3). *United States v. Wilder*, 834 F. App'x 782, 783 (4th Cir. 2020). On remand for resentencing on the § 844(i) conviction, Wilder faced a Guidelines range of

2

51 to 63 months' imprisonment with a 60-month mandatory minimum. The Government sought an upward variance, recommending a 240-month sentence. The district court sentenced Wilder to 132 months' imprisonment.

This Court reviews the district court's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (citation omitted). In reviewing a sentence, this Court first must ensure that the district court did not commit a significant procedural error. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). A sentence is procedurally unreasonable if the district court improperly calculated the Guidelines range, "treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (citation omitted). This Court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Burnley*, 988 F.3d 184, 187 (4th Cir. 2021).

Upon review, we conclude that the district court did not abuse its discretion in sentencing Wilder to 132 months' imprisonment. The record discloses that the district court explicitly considered Wilder's medical condition when explaining its reasoning for imposing the sentence. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (requiring sentencing courts to address a defendant's non-frivolous arguments in the context of the sentence imposed). Further, the district court's discussion of Wilder's

3

medical condition accurately reflected the information provided by Wilder's medical expert. Thus, the district court's assessment of Wilder's condition did not reflect a failure to consider or misunderstanding of his prognosis. Accordingly, it is not clearly erroneous.

Next, we conclude that the record does not support Wilder's assertion that the district court used the statutory maximum 240-month sentence, rather than the applicable Guidelines range, as its starting point. The sentencing transcript demonstrates that the district court referred to the applicable Guidelines range on numerous occasions during the resentencing hearing, including at the outset of the hearing and at multiple points during the Government's argument. Additionally, the district court's only reference to the 240-month statutory maximum was made during its colloquy with the Government. In that exchange, the district court acknowledged that the Government was seeking a 240-month sentence. However, the district court then stated that the Government bore the burden of justifying an above-Guidelines sentence. This exchange cannot be construed as the district court using the 240-month statutory maximum sentence as its starting point. Therefore, the district court did not rely on an incorrect Guidelines range and did not procedurally err.

Finally, we conclude that the district court extensively explained the rationale for imposing the 132-month sentence, considering nearly all the § 3553(a) factors. *See United States v. Powell,* 650 F.3d 388, 395 (holding that district courts are not required to "robotically tick through § 3553(a)'s every subsection" (citation omitted)); *see also United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (stating that "the adequacy of the sentencing court's explanation depends on the complexity of each case"); *see also United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (requiring only that the district court

4

conduct "an individualized assessment" of the relevant factors that influenced the sentencing decision). The district court reflected on Wilder's history and characteristics, addressed his medical condition, and praised his limited criminal record and expression of remorse. However, the district court determined that despite Wilder's progress, his crime was a serious offense deserving of significant punishment. The district court also noted that deterrence was necessary and took time to consider other arson cases in order to avoid unwarranted sentencing disparities. In addition, the record demonstrates that as part of the court's explanation, it addressed Wilder's mitigation arguments and clarified how each of those arguments impacted the sentence. *See United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (stating that where "the record makes clear that the sentencing judge *considered* the evidence and arguments," the district court is not required "to write more extensively" (citing *Rita v. United States*, 551 U.S. 338, 359 (2007))). Thus, the district court's explanation covered the required grounds adequately and does not constitute procedural error.

For these reasons, we affirm the district court's imposition of the 132-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

5