**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 22-4205**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVANTE HARRISON, a/k/a YGG Tay,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul W. Grimm, Senior District Judge.  (1:19-cr-00575-CCB-1)

―――――――――

Submitted:  April 20, 2023                                                    Decided:  April 24, 2023

―――――――――

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Steven H. Levin, ROSENBERG MARTIN GREENBERG, LLP, Baltimore, Maryland, for Appellant.  Christine Oi Jyn Goo, Special Assistant United States Attorney, Charles David Austin, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davante Harrison was convicted by a jury of conspiracy to distribute and possess with intent to distribute controlled dangerous substances, in violation of 21 U.S.C. § 846; possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court imposed the statutory mandatory minimum sentence of 180 months' imprisonment.  On appeal, Harrison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court committed clear error by denying Harrison's pretrial motion to suppress evidence, whether the court committed procedural error at sentencing, and whether the Government introduced sufficient evidence for a guilty verdict on all counts.  Although notified of his right to do so, Harrison has not filed a pro se supplemental brief.  The Government declined to file a brief.  We affirm.

First, upon a review of the record, we conclude that the district court did not commit clear error when it found that Harrison consented to a search of the rental vehicle he was driving and thus denied Harrison's motion to suppress evidence of drugs seized from the rental vehicle.  "In reviewing a district court's denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error." *United States v. Small*, 944 F.3d 490, 502 (4th Cir. 2019).  The Fourth Amendment protects "[t]he right of the people to be secure in their persons[] . . . against unreasonable searches and seizures." U.S. CONST. amend. IV.  "The prohibition does not apply, however, to situations in which

2

voluntary consent has been obtained[] . . . from the individual whose property is searched." *United States v. Azua-Rinconada*, 914 F.3d 319, 324 (4th Cir. 2019) (internal quotation marks omitted). "[B]ecause the question is one of fact, review on appeal is conducted under the clear error standard." *Id.*

A number of eyewitnesses at the scene testified at the hearing on the motion to suppress, including Harrison himself. Thorough direct, cross, and re-direct examinations were conducted, and both parties' counsel presented closing arguments. The district court judge then summarized the facts of the case and explained that it found credible the testimony of law enforcement officers that Harrison had voluntarily consented to the search of the rental car. Based upon the entirety of the record, we conclude that the court did not commit clear error in making this finding and, accordingly, it did not err by denying the motion to suppress the evidence recovered as a result of this search.

We next discern no error in the district court's imposition of the 180-month sentence. We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "In assessing whether a district court properly calculated the

3

Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

The court correctly calculated the Sentencing Guidelines range and statutory penalties and imposed the 180-month sentence requested by both parties. The court also properly considered the relevant § 3553(a) factors and sufficiently explained the reasons for the sentence imposed. We therefore conclude that Harrison's sentence is not procedurally unreasonable.

Finally, we conclude that the Government introduced sufficient evidence for a reasonable fact finder to find Harrison guilty of all four counts. We review challenges to the sufficiency of the evidence de novo. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). "In doing so, our role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support the conviction." *Id.* (internal quotation marks omitted). "In determining whether the evidence is substantial, we ask whether a reasonable finder of fact could accept [the evidence] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.*

At Harrison's multi-day jury trial, the Government introduced extensive evidence in support of the charges, including witness testimony and several firearms, bags of large quantities of illegal drugs, and various paraphernalia associated with drug trafficking. All

4

the evidence admitted was located either with Harrison's person or in locations associated with Harrison and the overall conspiracy. Accordingly, we conclude that the convictions are supported by sufficient evidence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Harrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*