**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4440

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA R. GLENN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Joseph Dawson, III, District Judge.  (7:21-cr-00165-JD-1)

Submitted:  May 18, 2023                                      Decided:  May 22, 2023

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John L. Warren, III, BILL NETTLES LAW, Columbia, South Carolina, for Appellant.    William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua R. Glenn pled guilty to conspiracy to fraudulently use means of identification, in violation of 18 U.S.C. § 1028(a)(7). The district court sentenced Glenn to 100 months' imprisonment, 3 years' supervised release, and $49,220 in restitution. On appeal, Glenn's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Glenn's guilty plea is valid and whether his sentence is reasonable. Although notified of his right to do so, Glenn has not filed a pro se supplemental brief. The Government has declined to file a response brief. Finding no error, we affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). In reviewing the adequacy of compliance with Rule 11, this court "accord[s] deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Glenn did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d

2

621, 622 (4th Cir. 2016).  To establish plain error, Glenn must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions.  *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).  We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Glenn's guilty plea is valid.

As for Glenn's sentence, we review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence."  *Id.* (internal quotation marks omitted).  If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  "Such a presumption can only be rebutted by showing that the

3

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (citation omitted).

During the sentencing hearing, the district court accurately calculated Glenn's advisory Guidelines range, listened to Glenn's allocution, considered Glenn's arguments and the § 3553(a) factors, and adequately explained the chosen sentence. Accordingly, Glenn's sentence is procedurally reasonable. We further conclude that Glenn has failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Glenn, in writing, of the right to petition the Supreme Court of the United States for further review. If Glenn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Glenn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*