**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4440

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACHRE CHASEN ABERCROMBIE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00509-WO-1)

Submitted:  July 1, 2022                                    Decided:  August  25, 2022

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  W. Rob Heroy, GOODMAN, CARR, LAUGHRUN, LEVINE & GREENE PLLC, Charlotte, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachre Chasen Abercrombie pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. The district court sentenced Abercrombie to 48 months' imprisonment. On appeal, Abercrombie argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a firearm enhancement and by failing to grant him a safety valve reduction. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). First, we must determine whether the sentence is procedurally reasonable. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

The advisory Sentencing Guidelines authorize a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed" in connection

2

with a drug trafficking offense. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* cmt. n.11(A). "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017). "If the government carries its burden, the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted).

Relatedly, a defendant convicted of certain drug offenses can qualify for a two-level "safety-valve" reduction to his offense level or be sentenced below the statutory mandatory minimum sentence if he meets certain criteria. USSG §§ 2D1.1(b)(18), 5C1.2(a); 18 U.S.C. § 3553(f). One of the required criteria is not possessing a firearm or other dangerous weapon in connection with the offense. USSG § 5C1.2(a)(2). Although "a defendant may be unable to show that any connection between a firearm and an offense is clearly improbable" in order to rebut the application of the firearm enhancement, "the same defendant might be able to prove by a preponderance of the evidence that the firearm was not connected with the offense to satisfy [USSG] § 5C1.2(a)(2)." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). Thus, the application of the firearm enhancement under USSG § 2D1.1(b)(1) does not automatically foreclose a safety valve reduction. *Id.* However, if a defendant cannot meet the lower burden to

3

establish that he was entitled to the safety valve reduction, he cannot show that the firearm enhancement was improperly applied. *See United States v. Fincher*, 929 F.3d 501, 505 (7th Cir. 2019).

Our review of the record leads us to conclude that the district court did not clearly err in finding that Abercrombie had not established, under either relevant standard, that the firearm found in his vehicle was not connected to the drug trafficking conspiracy. We therefore affirm the criminal judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We conclude that Abercrombie's remaining sealed argument is foreclosed by this Court's precedent.