**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4614

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE ALBERT ROMER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, District Judge.  (5:19-cr-00293-1)

Submitted:  September 1, 2022                         Decided:  September 26, 2022

Before MOTZ, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Kristopher R. Faerber, FAERBER LAW, Lewisburg, West Virginia, for Appellant.   William S. Thompson, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Albert Romer, Jr., was convicted after a jury trial of one count of attempting to engage in sex trafficking with a person under 18 years old, in violation of 18 U.S.C. §§ 1591(a), (b)(2), 1594(a). He raises several issues on appeal, which we address in turn. We affirm.

Romer challenges the district court's order denying his motion to suppress evidence seized at his arrest and thereafter. "In reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (internal quotation marks omitted). When the district court denies a defendant's motion to suppress, we construe "the evidence in the light most favorable to the government." *Id.* (internal quotation marks omitted).

"[C]ertain categories of permissible warrantless searches have long been recognized," such as "consent searches." *Fernandez v. California*, 571 U.S. 292, 298 (2014). "Consent to search is valid if it is (1) knowing and voluntary, and (2) given by one with authority to consent." *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir. 2007) (cleaned up). "The question whether consent to search is voluntary—as distinct from being the product of duress or coercion express or implied—is one of fact to be determined from the totality of all the circumstances." *United States v. Azua-Rinconada*, 914 F.3d 319, 324 (4th Cir. 2019) (internal quotation marks omitted). Whether a defendant voluntarily consented to a search is reviewed for clear error, and "a reviewing court may not reverse the decision of the district court that consent was given voluntarily unless it can be said

that the view of the evidence taken by the district court is implausible in light of the entire record." *United States v. Lattimore*, 87 F.3d 647, 650-51 (4th Cir. 1996) (en banc). We conclude that the district court did not clearly err in finding that Romer's consent to search was voluntary. Romer also challenges the district court's denial of his motion to suppress statements he made before and after being given his *Miranda\** warnings. We conclude that the court did not clearly err in denying this motion.

We also conclude that Romer provided no compelling reason for a hearing to consider his claim of juror misconduct. The district court did not abuse its discretion in denying Romer's request for a hearing. *See United States v. Johnson*, 954 F.3d 174, 179 (4th Cir. 2020) (stating standard of review). We similarly conclude that the court did not err in denying Romer's motion for a new trial based on juror misconduct because there was no evidence of improper outside influence on the jury. We also conclude that Romer's conviction was supported by sufficient evidence. *See United States v. Haas*, 986 F.3d 467, 478 (4th Cir.) (describing elements of the offense), *cert. denied*, 142 S. Ct. 292 (2021); *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019) (stating standard of review).

As for Romer's challenges to his sentence, we find no error in the imposition of a two-level enhancement under U.S. Sentencing Guidelines Manual § 2G1.3(b)(2)(A) (2018), or in the imposition of a $5000 special assessment under 18 U.S.C § 3014(a)(1). We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v.*

---

\* *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  This review entails consideration of both the procedural and substantive reasonableness of the sentence.  *Id.*  We conclude that the district court's imposition of a Guidelines sentence was procedurally and substantively reasonable.

Accordingly, we affirm the judgment of conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4