**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4579

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZANNIE JAY LOTHARP,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00448-TDS-1)

Submitted:  February 1, 2023                    Decided:  February 21, 2023

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Nicole R. Dupre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zannie Jay Lotharp appeals his 300-month sentence following jury convictions for conspiracy to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Lotharp argues that the district court erred in calculating the converted drug weight based on statements of a co-conspirator; finding that his prior North Carolina conviction for possession with intent to sell and deliver a controlled substance qualified as a predicate conviction for his career offender designation; applying a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing controlled substances, U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2018); and applying a four-level enhancement based on his role in the offense, USSG § 3B1.1(a). We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). First, we must determine whether the district court "committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear

2

error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted).

First, Lotharp argues that the district court erred in considering unreliable statements by a co-conspirator in determining the converted drug weight calculation. "[W]e review the district court's factual findings ... for clear error." *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (internal quotation marks omitted). Congress has directed that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. And we have held that a sentencing court may consider information that has "sufficient indicia of reliability to support its accuracy." *United States v. Powell*, 650 F.3d 388, 392 (4th Cir. 2011) (internal quotation marks omitted); *see* USSG § 6A1.3(a), p.s. "[C]lear Supreme Court and Fourth Circuit precedent hold[ ] that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence." *United States v. Grubbs*, 585 F.3d 793, 798-99 (4th Cir. 2009). We conclude that the district court did not clearly err by finding that a preponderance of the evidence supported a finding that Lotharp's co-conspirator's statement recorded by police officers was reliable.

Next, Lotharp argues that his prior North Carolina conviction for possession with intent to sell and deliver cocaine does not qualify as a predicate for the career offender enhancement because the North Carolina statute defines cocaine more broadly than the federal statute. However, Lotharp acknowledges his claim is foreclosed by *United States v.*

3

*Ward*, 972 F.3d 365, 372 (4th Cir. 2020).   One panel of this court cannot override a precedent set by another panel.  *See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 523-24 (4th Cir. 2015).

Lotharp also challenges the district court's imposition of a two-level enhancement for "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance," under USSG § 2D1.1(b)(12).   In assessing a Guidelines enhancement, we review findings of fact for clear error and legal decisions de novo.  *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).   "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises."  USSG § 2D1.1 cmt. n.17.   A defendant's "lack of possessory interest in the [premises] is not dispositive." *United States v. Barnett*, 48 F.4th 216, 220 (4th Cir. 2022), *petition for cert. filed*, No. 22-6414 (U.S. Dec. 29, 2022).   "Factors other than possessory interest are also relevant, including the defendant's control over the premises or the activities occurring there."  *Id.*   Additional relevant factors include "the defendant's ready access to the premises, staying overnight, the defendant's frequency at the premises, and the defendant's participation in the drug activity there." *Id.* at 220-21.  Because Lotharp stored drugs at the premises, repeatedly sold drugs from the premises, controlled access to the premises, and was near the premises when police executed the search warrant, we conclude that the district court did not clearly err in applying the enhancement.

Lotharp also challenges the district court's application of the leadership enhancement under USSG § 3B1.1(a). The district court considers several factors in determining whether a role enhancement should be applied, including the exercise of decision-making authority, the degree of authority exercised, the recruitment of accomplices, and the extent to which the defendant planned or organized the offense. *United States v. Burnley*, 988 F.3d 184, 188 (4th Cir. 2021). This court reviews for clear error application of the enhancement for being an organizer or leader of a conspiracy. *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013). Because Lotharp had decision-making authority over when to buy drugs, controlled the sales, stored the drugs, recruited people to join the conspiracy, and exerted control over other members in the conspiracy, the district court did not clearly err in applying the leadership enhancement. *See United States v. Rashwan*, 328 F.3d 160, 166 (4th Cir. 2003).

Finally, Lotharp, who is represented by counsel, seeks to file a pro se supplemental brief. However, "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018). We therefore deny Lotharp's motions for leave to file a supplemental pro se brief.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*