**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6709

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAWAAD NASH, a/k/a Wad,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:09-cr-00039-FDW-2)

Submitted:  May 15, 2023                                                Decided:  June 9, 2023

Before GREGORY, Chief Judge, and AGEE and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  John G. Baker, Federal Public Defender, Jared P. Martin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jawaad Nash appeals the district court's order granting in part and denying in part his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Nash asserts that the district court procedurally erred by failing to address his arguments in favor of a downward variance and by selecting a sentence based on misinformation. Nash requested a sentence reduction to 168 months' imprisonment. But the district court reduced Nash's sentence to 241 months' imprisonment based on its assessment of the 18 U.S.C. § 3553(a) sentencing factors. We affirm.

We review the district court's resolution of a motion for a sentence reduction under the First Step Act for abuse of discretion. "A district court abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). In the context of a First Step Act motion, district courts exercise their discretion in two steps. "First, they must recalculate the movant's Guidelines range only to the extent it adjusts for the Fair Sentencing Act. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *Id*. (internal quotation marks omitted) (citing *Concepcion v. United States*, 142 S. Ct. 2389, 2396, 2402 n.6, 2403 n.8 (2022)). District courts must explain their decision and demonstrate that they considered the parties' nonfrivolous arguments. *Concepcion*, 142 S. Ct. at 2404. But "a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling

2

without a detailed explanation.  Nor is a district court required to articulate anything more than a brief statement of reasons."  *Id*.  Courts need not "expressly rebut" each argument advanced by the parties and can agree or disagree with any policy arguments.  *Id*.  "All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments."  *Id*. (internal quotation marks omitted).

> The broad discretion that the First Step Act affords to district courts also counsels in favor of deferential appellate review.  As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.  Section 404(c) of the First Step Act confers particular discretion, clarifying that the Act does not require a court to reduce any sentence.  Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching.

*Id*. (citations and internal quotation marks omitted).

Nash faults the district court for not considering as a matter of equity a nonretroactive amendment to the Sentencing Guidelines which, if applicable when Nash was originally sentenced, would have reduced his criminal history category.  We recognize that the court's reasons for rejecting a legal objection may "make[] clear that a related argument for a variance is also rejected."  *United States v. Torres-Reyes*, 952 F.3d 147, 152 (4th Cir. 2020).  We have also approved of considering the context of the court's statements during sentencing.  *Id*.  On our review of the record, we conclude that the court adequately considered Nash's lengthy criminal history and his post-sentencing conduct in determining that Nash lacked respect for the law and had not been deterred from engaging in future criminal conduct.  We also conclude that the court considered Nash's claim that he warranted a much lower sentence based on the sentencing disparity between crack cocaine

3

and powder cocaine.  *See United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (noting that a court in addressing defendant's "central thesis" for a reduced sentence need not address every specific claim).

The district court also considered Nash's contention that he was due a substantially reduced sentence because of his post-sentencing rehabilitation and employment opportunities upon his release.  The court did not have to list every component of Nash's post-sentencing conduct.  The court noted that it reviewed the record and Nash's arguments and materials.  We conclude that the court's reasons for not reducing Nash's sentence as Nash had requested showed that it considered his post-sentencing conduct and the opportunities waiting for him after his release.  Lastly, we conclude that the court did not err when it stated that Nash faced a life sentence if he had not pleaded guilty.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4