**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4610**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LADARRIUS JAVAR BURRIS,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00209-MOC-DCK-1)

───────────────

Submitted:  May 17, 2023                              Decided:  August 10, 2023

───────────────

Before GREGORY, QUATTLEBAUM and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ladarrius Javar Burris pled guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Burris to 151 months' imprisonment.  On appeal, Burris argues that the court erred in calculating his advisory Sentencing Guidelines range by applying an enhancement for possession of a firearm.  We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  First, we must determine whether the sentence is procedurally reasonable.  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  "A sentence based on an improperly calculated Guidelines range is procedurally unreasonable."  *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error."  *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted).  "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed."  *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (internal quotation marks omitted).

The Sentencing Guidelines authorize a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed" in connection with a

2

drug trafficking offense. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* cmt. n.11(A). "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017). "If the government carries its burden, the sentencing court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable." *Id.* (internal quotation marks omitted).

Our review of the record leads us to conclude that the district court did not clearly err in finding that the relevant firearm was connected to Burris' drug trafficking activities. During execution of a search warrant, police officers recovered a firearm from Burris' residence along with drugs and drug paraphernalia. The evidence also demonstrated that Burris used the residence to manufacture crack cocaine and that he occasionally sold cocaine from the residence. Based on this record we conclude that the district court did not clearly err in determining that Burris did not rebut the presumption that the firearm was possessed in connection with a drug trafficking activity. *See Mondragon*, 860 F.3d at 231.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3