**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4093**

───────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ROBERT EUGENE WILSON,

    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cr-00019-JPB-JPM-1)

───────────────

Submitted:  March 12, 2024      Decided:  March 14, 2024

───────────────

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Jennifer T. Conklin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Eugene Wilson pled guilty to solicitation of child pornography, in violation of 18 U.S.C. § 2252A(a)(3)(B), (b)(1).  The district court sentenced Wilson to 240 months' imprisonment, a sentence within his advisory Sentencing Guidelines range, to run consecutively to his undischarged Ohio state sentence for rape.  On appeal, Wilson argues that his sentence is procedurally unreasonable because the district court did not adequately address his nonfrivolous argument in favor of running his federal sentence concurrent with his state sentence.  We affirm.

We "review all sentences . . . under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  "Generally, we review the sentence for both its procedural and substantive reasonableness." *Id.*  "To determine whether a sentence is procedurally reasonable, this Court considers whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).

"[T]he district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up).  "[I]n a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *Id.* (internal quotation marks omitted).

Wilson argues that the district court failed to address his nonfrivolous argument requesting that his federal sentence run concurrently with his undischarged state sentence pursuant to U.S. Sentencing Guidelines Manual § 5G1.3(b)(2) (2021).  However, during Wilson's argument at sentencing, the court correctly noted that the Guidelines' recommendation of a concurrent sentence was merely advisory and did not bind the court. Moreover, in response to Wilson's argument that a consecutive sentence amounted to a life sentence, the court stated that Wilson was highly dangerous to the public given his past conduct and that he should never be released from prison.  The court clearly noted its intent to exercise its discretion to impose a consecutive sentence.    Therefore, the court demonstrated a consideration of Wilson's argument for a concurrent sentence, and his within-Guidelines sentence is procedurally reasonable.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*