**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4337

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALLEN RASHAUN PARKER, a/k/a A.P.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:20-cr-00008-JAG-RJK-1)

Submitted:  May 30, 2024                          Decided:  July 18, 2024

Before WYNN and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Alexandria, Virginia, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Darryl J. Mitchell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Rashaun Parker pled guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Parker to 57 months' imprisonment.  On appeal, Parker argues that the court erred in calculating his advisory Sentencing Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 3C1.1 (2023) for obstruction of justice, and a four-level enhancement under USSG § 2K2.1(b)(6)(B) for possession of the firearms in connection with another felony offense.  For the following reasons, we affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).  First, we must determine whether the sentence is procedurally reasonable.  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020).  "A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted).  We "will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

2

First, Parker challenges the obstruction of justice enhancement pursuant to USSG § 3C1.1. Under the Guidelines, a defendant's offense level should be increased two levels if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" relating to the "offense of conviction," "relevant conduct," or "a closely related offense." USSG § 3C1.1; *see also United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004) (to apply enhancement for obstruction of justice "the district court must conclude that the government has shown, by a preponderance of the evidence, that the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" (internal quotation marks omitted)). One example of willful obstruction occurs when a defendant conceals, attempts to conceal, or directs another to destroy or conceal, evidence that is material to an investigation. USSG § 3C1.1 cmt. n.4(D). If the concealment does not result in a material hindrance to the investigation, then the concealment or attempted concealment must not have occurred contemporaneously with arrest for the enhancement to apply. *Id.* We conclude that the enhancement was correctly applied, as the district court did not err in finding that Parker did not act contemporaneously with arrest. *See United States v. Lamere*, 980 F.2d 506, 515 n.6 (1992) (finding that an action is contemporaneous if it is a "spontaneous or visceral or reflexive response occurring at the point arrest becomes imminent and to be further limited to only that evidence which is within the subject's control at or near the scene of the arrest").

Second, Parker challenges the enhancement for possession of a firearm in connection with a felony offence under USSG § 2K2.1(b)(6)(B). A defendant faces a four-level enhancement to his offense level if he "used or possessed any firearm or ammunition

in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is used in connection with another felony offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); *see United States v. McKenzie-Gude*, 671 F.3d 452, 463-64 (4th Cir. 2011). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *McKenzie-Gude*, 671 F.3d at 464 (internal quotation marks omitted). We conclude that the court also did not err here. There was sufficient evidence to apply the enhancement due to the amount of drug paraphernalia found in the bag in Parker's home, which also contained the firearms. *See* USSG § 2K2.1 cmt. n.14(B) (when "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," the firearm necessarily "has the potential of facilitating another felony offense").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*