**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4410**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC J. NIXON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:20-cr-00685-CMC-1)

Submitted:  July 16, 2024                                    Decided:  July 31, 2024

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Miller W. Shealy, Jr., MILLER SHEALY LAW FIRM, Charleston, South Carolina, for Appellant.  Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Eric J. Nixon of possessing of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018),[1] and possession of cocaine base, in violation of 21 U.S.C. §§ 844, 851. The district court sentenced Nixon to 120 months' imprisonment, followed by three years' supervised release. On appeal, Nixon's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the procedural reasonableness of Nixon's sentence. Nixon was notified of his right to file a pro se supplemental brief but has not done so, and the Government has declined to file a response brief. We affirm.[2]

We review "all sentences—whether inside, just outside, or significantly outside the [advisory Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The new 15-year statutory maximum set forth in 18 U.S.C. § 924(a)(8) does not apply in this case, however, because Nixon's offense occurred before the June 25, 2022, amendment to the statute.

[2] For reasons appearing to the court, we placed this appeal in abeyance for *United States v. Canada*, 103 F.4th 257, 258-59 (4th Cir. 2024) (holding § 922(g)(1) does not facially violate the Second Amendment). In light of that decision, we discern no error in Nixon's § 922(g)(1) conviction.

2

range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). If the sentence is procedurally sound, we then review the substantive reasonableness of a sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Abed*, 3 F.4th 104, 119 (4th Cir. 2021) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms that Nixon's sentence is procedurally and substantively reasonable. We discern no reversible error in the district court's resolution of Nixon's objections to the presentence report, and we conclude that the district court correctly calculated Nixon's advisory Guidelines range. Although Nixon requested a sentence at the low end of the Guidelines range, the district court rejected Nixon's mitigation arguments and determined that a sentence at the high end of the Guidelines range was appropriate. The district court particularly emphasized the circumstances of the offenses, Nixon's lengthy criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford

3

adequate deterrence, protect the public, and provide correctional treatment. The district court adequately explained the chosen sentence, and Nixon has not overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Nixon, in writing, of the right to petition the Supreme Court of the United States for further review. If Nixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nixon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*