**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4549**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL SHAWNDALE DAVIS, a/k/a Diddy,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cr-00024-JPB-JPM-1)

———————————

Submitted:  August 22, 2024                          Decided:  August 26, 2024

———————————

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Clayton J. Reid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Shawndale Davis pleaded guilty to possession of ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court imposed an upward variant sentence of 120 months' imprisonment. On appeal, Davis argues that the sentence is substantively unreasonable. We affirm.

We review a sentence, "'whether inside, just outside, or significantly outside the [Sentencing] Guidelines range[,] under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we evaluate the procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If we find no procedural error, we then "proceed to assess the substantive reasonableness of the sentence." *Id.*

In considering the substantive reasonableness of a sentence, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set for in § 3553(a)." *Id.* at 215 (cleaned up). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Id.* "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance

2

sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id.* (cleaned up). "Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

Davis argues that the district court's sentence was unreasonable because the court failed to consider the statutory sentencing goals and did not meaningfully consider Davis' personal history and mitigation arguments. However, the district court thoroughly considered the purposes of sentencing in imposing the upward variance, highlighting Davis' criminal history and the need to deter Davis from engaging in similar conduct. Additionally, the court explicitly considered Davis' mental health and substance abuse issues, but nevertheless determined that the § 3553(a) factors justified Davis' sentence. Based on a totality of the circumstances, we conclude that the sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*