**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4566**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZAVIEN LENOY CANADA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:20-cr-00471-HMH-1)

_____

Submitted:  October 23, 2025                         Decided:  November 13, 2025

_____

Before DIAZ, Chief Judge, and HARRIS and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Brook B. Andrews, Acting United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Zavien Lenoy Canada of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). After this court vacated Canada's sentence and remanded for resentencing in light of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), the district court sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 220 months' imprisonment and 5 years' supervised release. Canada appealed, and this court determined he was improperly sentenced under the ACCA, vacated his sentence, and remanded for resentencing. *United States v. Canada*, 103 F.4th 257, 259 (4th Cir. 2024), *judgment vacated and remanded*, 145 S. Ct. 432 (2024), *aff'd on remand*, 123 F.4th 159, 162 (4th Cir. 2024).

On remand, the district court calculated Canada's advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2023) at 63 to 78 months and sentenced him to 78 months' imprisonment and 3 years' supervised release. Canada appeals and challenges the procedural reasonableness of his prison sentence. We affirm.

"This [c]ourt reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). Generally, this court reviews a sentence for both procedural and substantive reasonableness, although only the former is at issue here. *See United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020).

For a criminal sentence to be procedurally reasonable, "a district court must begin its sentencing proceeding by correctly calculating the applicable Guidelines range." *United*

2

*States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (internal quotation marks omitted). "Using this range as a jumping off point, the court must thereafter give the parties the opportunity to argue for whatever sentence they deem appropriate and consider those arguments in light of all of the factors stated in 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted). "The court must then conduct an individualized assessment based on the facts before the court, and explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (citation modified). This explanation must "provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant." *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (citation modified).

"As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *Fowler*, 58 F.4th at 153 (citation modified). "Importantly, in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *Id.* (internal quotation marks omitted). "When a district court has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled for a downward variance." *Id.* at 153-54 (internal quotation marks omitted).

We have reviewed the record and conclude that the district court "meaningfully considered," *id.* at 154, Canada's arguments for a downward departure or variance and denied them based on relevant 18 U.S.C. § 3553(a) factors. The court heard and considered Canada's arguments that a below-Guidelines prison term of time served was warranted

based on various of the § 3553(a) factors. It engaged with and rejected those arguments after considering all the § 3553(a) factors and explained that it was declining to impose a downward variance and that a 78-month prison term was warranted based on the nature and circumstances of Canada's offense conduct, his history and characteristics—including the length of, and numerosity of convictions in, his criminal record and his willingness to engage in his criminal conduct while on federal supervised release—and the needs for the sentence imposed to promote respect for the law, provide just punishment, and protect the public from a dangerous individual unwilling to conform his conduct to the law, *see* § 3553(a)(1), (2)(A), (C). [*] The court, we conclude, adequately addressed and did not ignore the central theses of Canada's variance arguments grounded in the notions that his offense conduct was victimless, his criminal history had minor and non-violent offenses in it, and imposition of a sentence at the low end of the Guidelines range would serve no penological or corrective purpose in his case.

We also reject as without merit Canada's argument that the district court erred because it never addressed in its comments his arguments that a time-served sentence was warranted given his family support system, participation in prison programming, and planning for release from imprisonment. Canada did not proffer non-frivolous arguments

---

[*] The district court, we conclude, incorporated at resentencing its statements previously made in sentencing Canada finding him a danger to society in light of his lengthy criminal record and that the public had a right to be protected from him in light of his criminal record and the nature of his offense conduct.

4

for a downward variance or departure grounded in these matters.  *Cf. Fowler*, 58 F.4th at 153.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*