**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4430**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEROY RAYMOND GRIFFIN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19-cr-00018-GMG-RWT-1)

———————

Submitted:  April 3, 2023                          Decided:  June 13, 2023

———————

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Nicholas J. Compton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Raymond Griffin pled guilty to possession with intent to distribute heroin, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Griffin to 120 months' imprisonment, a term below the advisory Sentencing Guidelines range.  Griffin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred in overruling Griffin's objections to the calculation of the Guidelines range.  Griffin has filed pro se supplemental briefs, expanding on the issue raised by counsel and raising the additional issue of whether the court procedurally erred by failing to afford his counsel an adequate opportunity to argue during sentencing.  The Government has declined to file a response brief.  Finding no error, we affirm.

We review a criminal sentence for reasonableness, applying a deferential abuse-of-discretion standard.  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review the district court's legal conclusions de novo and its factual findings for clear error."  *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (cleaned up).

2

The district court properly calculated the Guidelines range. After correctly calculating Griffin's base offense level and criminal history category, the court, over Griffin's objection, applied a two-level enhancement for possession of a dangerous weapon during a drug offense pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018). "The enhancement is proper when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *United States v. Slade*, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks omitted). During Griffin's sentencing hearing, a law enforcement officer testified that officers recovered a firearm from the residence of Griffin's codefendant, a lower-level drug dealer whom Griffin supplied with drugs as part of a wide-ranging drug distribution conspiracy. Because Griffin's offense of conviction occurred within the larger, jointly undertaken criminal activity, it is not "clearly improbable that [the codefendant's] firearm was connected" with Griffin's offense. USSG § 2D1.1 cmt. n.11(A) (stating that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"); *see* USSG § 1B1.3(a)(1)(B) (defining when acts or omissions of others are attributable to defendant). Accordingly, we hold that the district court did not clearly err in applying § 2D1.1(b)(1).

The district court also imposed a four-level enhancement for Griffin's role in the offense, again over Griffin's objection. The Guidelines provide for a four-level enhancement to a defendant's base offense level where the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Based upon the officer's testimony that Griffin set drug

3

prices, advised lower-level dealers, and coordinated a drug distribution conspiracy spanning several states, the preponderance of the evidence supports the court's finding that Griffin was a leader or organizer of criminal activity. *See United States v. Cameron*, 573 F.3d 179, 185 (4th Cir. 2009) (discussing when leadership role enhancement is appropriate). Thus, the court did not clearly err in applying § 3B1.1(a).

Additionally, the district court imposed a two-level enhancement under USSG § 2D1.1(b)(16)(E). The enhancement applies if the defendant received an enhancement under USSG § 3B1.1 and "committed the offense as part of the pattern of criminal conduct engaged in as a livelihood." USSG § 2D1.1(b)(16)(E). "Engaged in as a livelihood" means that, for any 12-month period, (1) "the defendant derived income from a pattern of criminal conduct that . . . exceeded 2,000 times the then existing hourly minimum wage under federal law," and (2) "the totality of circumstances shows that such criminal conduct was the defendant's primary occupation." USSG § 4B1.3 cmt. n.2 (internal quotation marks omitted); *see* USSG § 2D1.1 cmt. n.20(C) (referencing USSG § 4B1.3). Two of Griffin's coconspirators reported significant earnings to law enforcement, suggesting that Griffin, as a higher-level drug supplier, derived substantial income from drug dealing. Furthermore, Griffin lacked steady employment during the course of the approximately year-long drug distribution conspiracy. We therefore conclude that the facts support the district court's application of USSG § 2D1.1(b)(16)(E).

We further conclude that Griffin's sentence is otherwise procedurally reasonable. The district court listened to Griffin allocute, considered the relevant § 3553(a) factors, and thoroughly explained Griffin's sentence, crediting his remorse and proven potential for

4

rehabilitation while also acknowledging his serious offense conduct and recidivism. And, contrary to Griffin's assertion on appeal, the record reflects that the court permitted Griffin's counsel to argue extensively as to the appropriate Guidelines range and the application of the § 3553(a) factors.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Griffin, in writing, of the right to petition the Supreme Court of the United States for further review. If Griffin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Griffin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*