**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4097**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RODERICK BRADLEY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:20-cr-00074-TSK-MJA-11)

---

Submitted:  October 31, 2023                    Decided:  November 2, 2023

---

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Shawn A. Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roderick Bradley pled guilty, pursuant to a written plea agreement, to aiding and abetting the distribution of cocaine base ("crack"), in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The district court sentenced Bradley below the Sentencing Guidelines range to 46 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bradley knowingly and voluntarily waived his right to appeal his conviction and sentence[*] and whether the district court erred in imposing Bradley's sentence by failing to apply a 1:1 crack/powder cocaine ratio. Although notified of his right to do so, Bradley has not filed a pro se supplemental brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Sentencing Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of

---

[*] As the Government has not sought enforcement of the appellate waiver, we need not consider whether the waiver precludes review of Bradley's sentencing claim on appeal. *See United States v. Kim*, 71 F.4th 155, 162 n.4 (4th Cir. 2023) (noting we do not sua sponte enforce appellate waivers).

"significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Counsel questions whether Bradley's sentence is reasonable because the district court rejected Bradley's argument that the court should further vary below the Guidelines range to eliminate the disparity in treatment between crack offenses and cocaine offenses, citing a December 16, 2022, internal Department of Justice memorandum advising federal prosecutors on sentencing recommendations in cases involving crack offenses. However, while a district court is "entitled to consider policy decisions underlying the Guidelines, including the presence or absence of empirical evidence, it is under no obligation to do so." *United States v. Rivera-Santana*, 668 F.3d 95, 101 (4th Cir. 2012) (internal citations omitted). Here, the court acknowledged the memorandum and the policy choice behind it, but disagreed with that choice, explaining that the Guidelines' treatment of crack and cocaine offenses was appropriate based on the court's experience. We thus conclude that the court did not err in rejecting Bradley's challenge to the Guidelines' policy of treating crack offenses and cocaine offenses differently.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bradley, in writing, of the right to petition the

3

Supreme Court of the United States for further review.  If Bradley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bradley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*