**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-4148**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MAYLIK WATSON, a/k/a Leak,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:21-cr-00032-10)

─────────────

Submitted:  November 16, 2023           Decided:  November 21, 2023

─────────────

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF**: Tracy Weese, Shepherdstown, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maylik Watson pled guilty without a plea agreement to distribution of 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1).  The district court sentenced Watson to 240 months' imprisonment, a sentence below the advisory Sentencing Guidelines range.  On appeal, Watson argues that his sentence is substantively unreasonable.  We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence."  *Id.* (internal quotation marks omitted).  We have confirmed that Watson's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing.  18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

"Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Watson argues that his sentence is substantively unreasonable because the district court did not give adequate weight or consideration to several of the relevant factors in Watson's background, instead giving excessive weight to the circumstances of his offense. However, the record shows that the district court considered the sentencing factors raised by defense counsel and ultimately granted a downward variance in light of those factors. Contrary to counsel's assertion, the court properly balanced the factors on which Watson relied against those proffered by the Government, including Watson's role in the offense and obstruction of justice, to decline defense counsel's request for an even greater variance. Our review convinces us that the district court carefully evaluated the § 3553(a) factors and gave due consideration to Watson's mitigating arguments when imposing its sentence. In light of the "extremely broad discretion" afforded to a district court "in determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Watson fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. Accordingly, we conclude that Watson's sentence is substantively reasonable.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3