**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4189**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JONTEZ XAVIER MCLEOD,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00156-FDW-DSC-2)

───────────

Submitted:  November 30, 2023          Decided:  December 18, 2023

───────────

Before NIEMEYER and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF**: Sandra Barrett, Hendersonville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jontez Xavier McLeod appeals his convictions and 141-month sentence imposed after his guilty plea to carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119, 2; and brandishing a firearm during and in relation to, and in furtherance of, a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2. On appeal, McLeod argues that (1) there was insufficient evidence to prove that he knew his codefendant planned to brandish a firearm during the carjacking; and (2) the district court abused its discretion in denying his motion for a downward variance. We affirm.

Because McLeod pled guilty, he has waived his challenge to the sufficiency of the evidence. *See United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 515 (4th Cir. 2005) ("A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge. A defendant who pleads guilty therefore admits all of the factual allegations made in the indictment, and waives all non-jurisdictional defects, including the right to contest the factual merits of the charges." (internal citations and quotation marks omitted)). Accordingly, we affirm McLeod's convictions.

We therefore turn to McLeod's arguments regarding his sentence. We "'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). "First, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting

2

a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted)).

"If the sentence is procedurally sound, [we] then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted).  A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals.  18 U.S.C. § 3553(a).  "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted).  Moreover, a sentence within a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022).  That "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020).

We discern no procedural sentencing error by the district court. *See Provance*, 944 F.3d at 218.  The district court conducted an individualized assessment of the facts and arguments presented, considered the § 3553(a) factors, and applied them to McLeod's case. The court considered McLeod's arguments for a lower sentence and adequately explained the sentence imposed.  Moreover, the court did not err in denying McLeod's request for a downward variance.  In moving for a variance, defense counsel asked the district court to consider McLeod's medical history, the potential sentencing disparity between McLeod

and his codefendant, and McLeod's secondary role in the offense.  In sentencing McLeod, the district court stated that it was not inclined to vary below the Guidelines range and explained its view of each of McLeod's mitigating arguments in support of a variance. This explanation showed that the court considered McLeod's nonfrivolous arguments for a variance but ultimately disagreed with McLeod that these factors warranted a sentence below his Guidelines range.[*] Finally, McLeod fails to rebut the presumption that his 141-month sentence at the bottom of the applicable Guidelines range is substantively reasonable.  *See Louthian*, 756 F.3d at 306.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] To the extent that McLeod challenges the district court's failure to separately address his claim of overstated criminal history in denying his variance request, we discern no error.  McLeod raised this issue only in his request for a downward departure. Furthermore, to the extent that McLeod's mention of this issue amounts to a challenge to the district court's denial of his departure motion made on this basis, this issue is not reviewable on appeal.  *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("We are unable . . . to review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so.").