**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4104

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN MATTHEW FITE, a/k/a Raw,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00434-M-17)

Submitted:  January 30, 2024                                         Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Matthew Fite pled guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession of firearms, including a short-barreled shotgun, in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). The district court sentenced Fite to a total of 330 months' imprisonment, a sentence within the advisory Sentencing Guidelines range. On appeal, Fite argues that the district court plainly erred in applying the drug premises enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2021), and committed procedural error in its calculation of his Guidelines range, including its treatment of the methamphetamine Guidelines. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, only the procedural reasonableness of the sentence is before us.

2

We are satisfied that Fite's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  The district court properly calculated Fite's Guidelines range, adequately considered the § 3553(a) factors, providing a meaningful explanation for the sentence it chose, and sufficiently addressed defense counsel's arguments. *See Gall*, 552 U.S. at 49-51.  Although Fite initially objected to the drug premises enhancement, he withdrew this objection below and therefore has waived this issue on appeal. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) ("A waiver is the intentional relinquishment or abandonment of a known right. . . .  [W]hen a claim is waived, it is not reviewable on appeal, even for plain error." (internal quotation marks omitted)).  Furthermore, the record shows that the district court considered defense counsel's arguments regarding the disparate treatment of different methamphetamine offenses under the Guidelines but that the court ultimately exercised its discretion to reject those arguments.  Accordingly, we discern no procedural error in Fite's sentence.

We therefore affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*