**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4092

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

LASHANA LATAE HUNTER,

Defendant − Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00006-RJC-DSC-1)

Submitted:  March 28, 2024                                    Decided:  July 16, 2024

Before KING, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lashana Latae Hunter appeals her 60-month prison sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Hunter's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising the issue of whether her below-Guidelines-range prison sentence is "unreasonable because the district court failed to give proper weight to the acknowledged racial disparity in sentencing by treating crack cocaine and powder cocaine offenses equally." Hunter was notified of her right to file a pro se supplemental brief but has not done so. We affirm.

"'This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (quoting *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020)). "We first must ensure that the district court did not commit a significant procedural error." *United States v. Kokinda*, 93 F.4th 635, 644 (4th Cir. 2024) (internal quotation marks omitted). "Only if the sentence is procedurally reasonable can we evaluate the substantive reasonableness of the sentence." *Id*. "A sentence is substantively unreasonable only where under the totality of the circumstances, the 'sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a).'" *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (quoting *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010)). "'[A]ny sentence that is within or below a properly calculated Guidelines

2

range is presumptively reasonable.'" *Id*. (quoting *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014)). "'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'" *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024) (quoting *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006)).

"'[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.'" *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (quoting *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011)). "As we have previously acknowledged, district courts have discretion to consider policy decisions underlying the Guidelines, including the presence or absence of empirical data and may even reject Guidelines on that basis, but they are under no obligation to do so." *United States v. Powers*, 40 F.4th 129, 138 (4th Cir. 2022) (internal quotation marks omitted). "[A] district court may choose to adhere to the Guidelines because they represent the institutional authority of the [Sentencing] Commission and Congress" or "because the court agrees that the sentencing range they recommend suits the instant offense and offender." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that Hunter's sentence is procedurally and substantively reasonable. The district court correctly calculated Hunter's Guidelines range, conducted an individualized assessment of the facts and arguments presented, and adequately explained the sentence chosen; and under the totality of the circumstances, the court did not abuse its discretion in concluding that its sentence satisfied the standards under § 3553(a). The district court acknowledged that it had authority to vary from the

3

Guidelines based on Hunter's argument that cocaine base should be treated the same as powder cocaine, but it declined to do so, finding that such a reduction was not justified by the facts of the case and would create unwarranted sentencing disparity. Moreover, the court sentenced Hunter well below her Guidelines range for other reasons asserted by the parties.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Hunter, in writing, of her right to petition the Supreme Court of the United States for further review. If Hunter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hunter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*