**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4114

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

DEONDRE MONTREAL RUSSELL,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00459-D-1)

_____

Submitted:  July 1, 2024                                    Decided:  October 4, 2024

_____

Before QUATTLEBAUM and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Deondre Montreal Russell, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deondre Montreal Russell appeals his convictions and 360-month sentence imposed by the district court after a jury found him guilty of conspiracy to distribute and possess with intent to distribute a quantity of cocaine and 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, 851, and possession with intent to distribute quantities of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851. Russell proceeds pro se in this appeal. He argues that the district court lacked jurisdiction over his prosecution; that his rights under the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-3174, were violated; that the evidence did not support his conspiracy conviction; and that the court erred in determining his offense level under the Sentencing Guidelines.[1] Having carefully reviewed the claims raised in Russell's informal briefs, we affirm.

Russell first argues that the district court lacked jurisdiction, claiming that he did not cause any harm to the United States or take actions affecting commerce. Because

---

[1] Russell raises additional claims on appeal, none of which need detain us long. He asserts that the district court erred in denying his pretrial motions to suppress and to dismiss the indictment. In these motions, Russell argued that the January 6, 2020, traffic stop violated his Fourth Amendment rights and that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963). The district court denied these motions as untimely. Because Russell does not challenge on appeal the district court's timeliness determination, he has forfeited appellate review of the district court's denial of the motions. 4th Cir. R. 34(b); *see Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (noting importance of informal brief). To the extent Russell asserts that the district court should have reheard all his pro se motions after retained counsel withdrew, he provides no support for his argument. Furthermore, contrary to Russell's contention, the Government's response to several pretrial motions was not late. And, finally, Russell's claim that he was forced to allow an attorney to represent him at a pretrial conference is belied by the record.

2

Russell was charged with violating federal law by conspiring to distribute controlled substances, in violation of 21 U.S.C. § 846, and possessing with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(b)(1)(C), the district court had jurisdiction over Russell's case. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

Next, Russell summarily alleges that his STA rights were violated because he was not brought to trial within 70 days of his initial appearance. "The [STA] requires that a criminal defendant's trial 'commence within [70] days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023) (quoting 18 U.S.C. § 3161(c)(1)), *cert. denied*, No. 23-7232, 2024 WL 2709396 (U.S. May 28, 2024). However, "various periods of delay . . . are excluded from the speedy trial clock." *Id.* One such exception involves "ends-of-justice continuances[ under] § 3161(h)(7)(A)." *Id.* "We review a district court's decision to exclude time under the [STA] de novo and its factual findings for clear error." *Id.* We have reviewed the STA claim and conclude that the district court did not err in granting Russell's multiple requests for continuances and extensions of time to file pretrial motions on the ground that the ends of justice warranted the delay. Considering the time excludable under § 3161(h)(7)(A), Russell was timely tried. We therefore reject this claim.

Russell also challenges his conspiracy conviction on several grounds. "We review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in

3

the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 175 (2023). "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted); *see United States v. Tillmon*, 954 F.3d 628, 640 (4th Cir. 2019) (stating elements of 21 U.S.C. § 846 offense).

As Russell correctly asserts, he could not be deemed to conspire with the confidential informant who arranged a controlled buy that ultimately did not occur. *United States v. Edmonds*, 679 F.3d 169, 175 (4th Cir.), *vacated on other grounds*, 568 U.S. 803 (2012). Russell overlooks, however, that he dealt with the informant long before the informant began cooperating with the Government. Trial testimony also established Russell's connection to another individual who was his source of supply for drugs. Although Russell argues that the absence of controlled purchases from him during the conspiracy's time frame proved he did not participate in the conspiracy, "the crime of conspiracy may exist and be punished whether . . . the substantive crime ensues." *United States v. Mallory*, 40 F.4th 166, 180 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1088 (2023). With respect to Russell's argument that the informant and other witnesses were not credible, "[t]he jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury

4

decides which interpretation to believe."[2]  *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted).  We therefore conclude that Russell's challenges to the sufficiency of the evidence are without merit.

Russell next challenges his 360-month sentence.  "[We] review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence."  *Id.* (internal quotation marks omitted).  If there is no significant procedural error, then we consider the substantive reasonableness of the sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Russell disputes the district court's calculation of his total offense level.  "We review for clear error the district court's calculation of drug weight for purposes of establishing a defendant's Sentencing Guidelines offense level."  *United States v. Banks*, __ F.4th __, __, No. 19-4620(L), 2024 WL 2947272, at *18 (4th Cir. June 12, 2024); *United States v. Barronette*, 46 F.4th 177, 209 (4th Cir.) (stating same standard of review for

---

[2] In passing, Russell also asserts that the prosecutor defrauded the district court by presenting testimony from unreliable witnesses at the trial.  Russell fails to establish prosecutorial misconduct.  *See United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007) (providing standard).

sentencing enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(2) for making credible threats of violence), *cert. denied*, 143 S. Ct. 414 (2022); *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (stating same standard of review for sentencing enhancement under USSG § 2D1.1(b)(1) for possession of a firearm). "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Medley*, 34 F.4th 326, 335 (4th Cir. 2022) (internal quotation marks omitted). Thus, a district court may consider uncharged or acquitted conduct at sentencing without violating the defendant's constitutional rights. *Id.*; *see Banks*, 2024 WL 2947272, at *18.

Here, the district court properly considered methamphetamine in the drug-quantity calculation, and the court appropriately used a conservative estimate of the amount of methamphetamine for which Russell was held accountable. *See Banks*, 2024 WL 2947272, at *18; *Medley*, 34 F.4th at 335-36. Russell also challenges the USSG § 2D1.1(b)(1), (2) enhancements, arguing that they were based on an unreliable source.[3] However, we accord great deference to the district court's credibility determinations at sentencing. *See United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009). We therefore conclude that the

---

[3] To the extent Russell contends that a jury should have determined whether the USSG § 2D1.1(b)(2) enhancement applied, his claim fails because application of the enhancement did not increase the statutory range of punishment prescribed by the jury's verdict. *See Erlinger v. United States*, __ S. Ct. __, No. 23-370, 2024 WL 3074427, at *7 (U.S. June 21, 2024) (recognizing that "a fact that increases a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be submitted to a jury and found unanimously and beyond a reasonable doubt" (cleaned up)).

sentence is procedurally reasonable and that Russell fails to rebut the presumption of substantive reasonableness accorded his sentence, which was below the Guidelines range established by the district court. *See United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 790 (2023); *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021).

Russell argues that the Government sought the § 851 enhancement in retaliation for his pleading not guilty.[4] Because Russell failed to raise this claim in the district court, we review for plain error only. *United States v. McCabe*, 103 F.4th 259, 279 (4th Cir. 2024) (stating standard of review and providing standard). Our review of the record leads us to conclude that the Government timely filed the § 851 notice and that Russell's claim is without merit. *See United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) (providing standard for prosecutorial vindictiveness).

Finally, Russell asserts that his counsel provided ineffective assistance by refusing to bring certain claims. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal and instead should be raised in a motion brought pursuant to 28 U.S.C. § 2255, *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020), to permit sufficient development of the record, *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Such claims warrant relief only when ineffective assistance conclusively

---

[4] Russell also appears to argue that he should not have been charged as an adult for his prior second-degree murder conviction on which the § 851 notice relied. However, "federal sentencing proceedings are generally not the appropriate vehicle for mounting collateral attacks on the validity of prior convictions." *United States v. Dean*, 604 F.3d 169, 174 (4th Cir. 2010).

appears on the record. *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc). Because Russell fails to meet this demanding standard, we decline to review his ineffective assistance claims in this appeal.

Accordingly, we affirm the criminal judgment. We grant Russell's motion to submit his case on the briefs without oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*