**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4767

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDITH HERNANDEZ SILVA, a/k/a Edith Silva Hernandez, a/k/a Gloria Cruz Reyes, a/k/a Gloria Crus Reyes, a/k/a Edith Hernadez Silva, a/k/a Edith Silva Hernanadez, a/k/a Edith Sylva Hernandez, a/k/a Manuela Morena de Imperial,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00379-TDS-1)

Submitted:  October 22, 2024                    Decided:  October 24, 2024

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edith Hernandez Silva pled guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Hernandez Silva to 71 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court imposed a procedurally reasonable sentence and adequately addressed Hernandez Silva's mitigation arguments. Although informed of her right to do so, Hernandez Silva has not filed a pro se supplemental brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Here, the district court correctly calculated Hernandez Silva's advisory Guidelines range, heard argument from counsel, provided Hernandez Silva an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. Despite *Anders* counsel's contention to the contrary, the record reflects adequate consideration of Hernandez Silva's mitigating arguments. Because Hernandez Silva has not demonstrated that her term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," she has failed to rebut the presumption of reasonableness accorded her within-Guidelines sentence. *Louthian*, 756 F.3d at 306. We therefore conclude that Hernandez Silva's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hernandez Silva, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez Silva requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez Silva. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3