**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4360

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY FONTAZ MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cr-00205-CCE-1)

Submitted:  January 23, 2025                    Decided:  January 28, 2025

Before WILKINSON, WYNN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Laura Jeanne Dildine, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Fontaz Moore pleaded guilty to distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Moore below the advisory Sentencing Guidelines range to 120 months of imprisonment.  Moore now appeals.  On appeal, Moore's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Moore's sentence is substantially reasonable.  Although informed of his right to do so, Moore has not filed a pro se supplemental brief.  We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence."  *Id.* (internal quotation marks omitted).  If the sentence is free of "significant procedural error," we then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a).  "Any sentence that is within or below a properly calculated

2

Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the district court correctly calculated Moore's advisory Guidelines range, heard argument from counsel and responded to the parties arguments, provided Moore an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. Because Moore has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence. *Louthian*, 756 F.3d at 306. We therefore conclude that Moore's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3