**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4077**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURICE ADAMS, a/k/a Black,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:21-cr-00341-DCN-4)

Submitted: May 29, 2025                    Decided: June 23, 2025

Before KING, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Derek A. Shoemake, CONNELL LAW FIRM, LLC, Lugoff, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Adams pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Adams to 198 months' imprisonment, below Adams's Sentencing Guidelines range of 262 to 327 months. On appeal, Adams contends that his sentence is procedurally and substantively unreasonable. Finding no reversible error, we affirm.

We review a defendant's sentence for procedural reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence," *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020), "including an explanation for any deviation from the Guidelines range," *Gall*, 552 U.S. at 51. If we conclude that the sentence is procedurally reasonable, we review the substantive reasonableness of the sentence, considering "the totality of the circumstances." *Id.*; *see Nance*, 957 F.3d at 212.

For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). Important here, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has

2

rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). A "[d]istrict court[] need not spell out [its] responses to [the] defendant['s] arguments where context makes them clear. But the context must make it patently obvious that the district court found the defendant's arguments to be unpersuasive." *Id.* (cleaned up). Moreover, as long as the "district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up). Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

In reviewing the substantive reasonableness of a sentence, we evaluate "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (cleaned up).

3

Adams first contends that his sentence is procedurally unreasonable because the district court failed to give an individualized explanation for the chosen sentence and did not properly consider his nonfrivolous mitigation arguments for a downward variance— specifically, the methamphetamine sentencing disparities, and his familial difficulties, rehabilitation efforts, age upon release, and low risk of recidivism.

The district court adequately explained the chosen sentence, considered the 18 U.S.C. § 3553(a) factors, and tied its explanation to Adams's personal circumstances.  In particular, the court noted that Adams had been a plague on his community but commended Adams for his participation in the Turn 90 program and his rehabilitation efforts.  The court also explained that the sentence would provide Adams with skills to reach his goal of owning a business upon his release through participation in the recommended educational and vocational training.  Further, the court recommended Adams's participation in a residential drug abuse program due to his history of cocaine abuse, further indicating that Adams's sentence was individually tailored.  *Nance*, 957 F.3d at 213 (finding sentence individually tailored where court required drug treatment for defendant who struggled with drug addiction).

Additionally, the district court sufficiently addressed the central thesis of Adams's nonfrivolous mitigation arguments, even if it did not individually discuss each mitigation argument at sentencing.  *See Powers*, 40 F.4th at 137.  Although the district court did not expressly mention Adams's familial difficulties, age, and the methamphetamine sentencing disparities, the court assured Adams, twice, that it had reviewed the motion for a downward variance and the sentencing memorandum, as well as the letters of support and Adams's

4

letter to the court. And, contrary to Adams's contention on appeal, the court extensively considered Adams's rehabilitation argument and commended Adams for earning his GED, completing Turn 90, and creating a business plan. Moreover, the court stated that it granted Adams's motion for a downward variance based on his arguments in the sentencing memorandum and the arguments he made at sentencing. Accordingly, we conclude that Adams's sentence is procedurally reasonable.

Adams also argues that his sentence is substantively unreasonable because the downward variance does not achieve the aims of § 3553(a), and because the district court did not properly consider Adams's mitigation arguments, leading to a harsher sentence than necessary. Specifically, Adams asserts that the court should have considered how his difficult upbringing and lack of role models contributed to his criminal activity,[*] his rehabilitation efforts, his age and likelihood of recidivism upon release, and the Guidelines' flawed 10-to-1 ratio between Ice (methamphetamine of at least 80% purity) and a methamphetamine mixture of lesser purity. *See* U.S. Sentencing Guidelines Manual § 2D1.1.(c) (2021) (notes to drug quantity table (C)).

The record belies Adams's assertion that his sentence does not satisfy the goals of § 3553(a). The district court explained that Adams's sentence would afford adequate deterrence, promote respect for the law, protect the public from Adams's future crimes by incapacitating him, and give Adams the time needed to develop educational and vocational

---

[*] Although Adams mentions extreme childhood abuse as an argument in support of a downward variance, Adams did not report any history of abuse in the presentence report.

skills that would be helpful to his business plan.  The court did not explicitly address at sentencing Adams's difficult upbringing, his risk of recidivism upon release, or Adams's arguments regarding the purity-based methamphetamine Guidelines.  However, the court explained that it had reviewed Adams's sentencing memorandum and that the chosen sentence was based largely on Adams's repeated interactions with the criminal justice system from a young age, his firearm possession, his lack of respect for the law, the seriousness of the offense, and the profoundly negative impact his actions had on the community.  Given the "extremely broad discretion" afforded to a district court "when determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *United States v. Jeff*, 631 F.3d 669, 679 (4th Cir. 2011), Adams fails to rebut the presumption of reasonableness afforded his below-Guidelines-range sentence, *Bennett*, 986 F.3d at 401.  Accordingly, Adams's sentence is substantively reasonable.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*