**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4195**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVANS RUBENS APPIAH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Jacquelyn Denise Austin, District Judge.  (7:24-cr-00634-JDA-1)

Submitted:  October 30, 2025                          Decided:  November 4, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Janis R. Hall, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evans Ruben Appiah pleaded guilty without a plea agreement to wire fraud, in violation of 18 U.S.C. §§ 1343, 2. The district court sentenced Appiah within his Sentencing Guidelines range to seven months' imprisonment and three years of supervised release. On appeal, Appiah's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether the district court correctly calculated his Guidelines range.* Although informed of his right to file a pro se supplemental brief, Appiah has not done so. The Government has elected not to file a response brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that Appiah's sentence is procedurally reasonable. The district court correctly calculated Appiah's advisory Guidelines range,

---

* Appiah's release from prison during the pendency of this appeal does not moot the sentencing challenge raised by counsel or prevent our review of the remainder of the record pursuant to *Anders*. *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

heard argument from counsel and responded to the parties' arguments, provided Appiah an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Appiah, in writing, of the right to petition the Supreme Court of the United States for further review. If Appiah requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Appiah.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*